Hawkins, J.,
delivered the opinion of the Court.
The defendant in error brought suit in the Circuit Court of Bedford County, against the plaintiff in error, on the 2d day of November, 1858, and on the same day the summons was executed on Thomas Hart, Robert Buchanan, John A. G-anaway, Simeon P. Vess, Daniel Stevens, and James W. Chilton. The declaration was filed at the December Term, and at the following April Term of said Court, the defendant having failed to appear or plead to thé action, the plaintiff proceeded to take a judgment by default, to reverse which, a writ of error is prosecuted to this Court. The only error assigned, is, there was no service of process, and consequently the judgment is void. By the rules of common law, the process must be served upon the Mayor or other head officer of the Corporation, and upon the failure of the defendants to make their appearance, in obedience to the summons, a distringas is issued against the defendants, under which the Sheriff distrains the lands and goods constituting the common stock of the Corporation, and then brings the defendants into Court. By the practice of the common law Courts of England, a judgment by default can only be taken for want of a plea, and not for want of an appearance; but by our prac *517 tice, judgments by default have always been taken for want of appearance as well as for want of plea, and this practice applies as well to Corporations as to individuals; hence, the service of a summons is sufficient to warrant a judgment against a Corporation, in default of appearance. This brings us to the inquiry — Upon whom must the process against a Corporation be served? As we have already seen, by the rules of the common law, it must be served upon the Mayor or other head officer of the Corporation, and by section 2831 of our Code, it is provided, that “service of process on the President or other head of a Corporation, or in his absence, on the Cashier, Treasurer, or Secretary, or) in the absence of said officers, on any Director of such Corporation;” and by the next section, it is provided, if neither of these reside within the State, service on the chief agent of the Corporation, residing at the time in the County where the action is brought, shall be deemed sufficient.
It is insisted in argument, that the Sheriff must not only show by his action, upon whom the process has been served, but also that such person is either the President or other head, Cashier, Treasurer, Secretary, Director, or chief' agent of the Corporation, residing within the County. We do not think so. If such were the case, then, in case the process is served upon a Director, to make such service sufficient, he must not only state that the person upon whom the process has been served, is a Director, but must also state historically that the President, Mayor or other head, the Cashier, Treasurer and Secretary of the Cor *518 poration, are all absent; and in case the service shall be upon the chief agent of the Corporation, residing at the time within the County, the Sheriff must not only, in his- return, state the fact that he is such chief agent, but must also state, that neither the President or other head, Cashier, Treasurer or Secretary of the Corporation, reside within this State. It is very true, he may do all this, but we do not think it indispensable. The Sheriff, in this case, was commanded to summon “the Town of Wartrace Depot,” and the law declares what shall be deemed a sufficient service of the process. He may show, by his return, when and upon whom it has been served, and thus far it is evidence. Can he, by bis return, furnish evidence of the fact, that the person upon whom it is served, is the Mayor, Cashier, Treasurer, Secretary or Director of the Corporation of “the Town of Wartrace Depot,” or that the Mayor, Cashier, Treasurer, and Secretary of the Corporation are absent? or can his return, in case the service be upon the principal agent, that neither the President, or other head officer, Cashier, Treasurer, or Secretary, reside in the State, or that the person upon whom the process has been served, is the principal agent, residing in the County, he evidence of the facts so recited? Suppose he had so returned the process in this case, with the indorsement “Executed 29th November, 1858,” — the presumption would have been, that he had done every thing required by law to he done, in order to the full and complete execution of the process, and had, therefore, served the process upon such officer or agent *519 of the Corporation, as was necessary in order to the sufficient execution of the process. If the Sheriff he commanded, by process, to summon John Smith, can it be insisted, that, unless the return of the Sheriff shows it was served upon the John Smith named in the process, no judgment could be had against the defendant, in default of his appearance or plea?
The question is one of fact, was the process served upon the person upon whom the law declares service shall be sufficient? and this can only be put in issue, or inquired into in the same manner, that the fact of service upon the right party, in any other case, may be put in issue. The presumption in all' such cases, is, that, until the contrary is made to appear, that the Sheriff has done his duty, and has served the process upon the proper party.
If, in fact, the service was not upon any person upon whom the law declares service shall be deemed sufficient, the judgment is void, and the aggrieved party has a remedy by a proceeding, in which that fact may be shown.
But the fact, whether or not any of the persons, upon whom the process was served in this case, were officers of the Corporation, or persons upon whom the service shall be deemed sufficient, does not appear.
We, therefore, cannot see there is any error in the judgment. This Court can only reverse, because of errors apparent upon an inspection of the record.
The judgment of the Circuit Court will be affirmed.